**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOROTHY MCCULLUM and JIMMY FRAZIER, individually and on behalf of D.F. and T.F.,**

        **Plaintiffs,**

-vs-                                 Case No. 6:11-cv-1387-Orl-31GJK

**ORLANDO REGIONAL HEALTHCARE SYSTEM, INC., d/b/a Arnold Palmer Hospital for Children and NORTH BREVARD COUNTY HOSPITAL DISTRICT,**

        **Defendants.**

## ORDER

This cause comes before the Court without oral argument on two motions to dismiss filed by Defendant, North Brevard County Hospital District, d/b/a Parish Medical Center ("PMC") (Doc. 30) and Defendant, Orlando Health, Inc., d/b/a Arnold Palmer Hospital ("OHI")[1] (Doc. 31). Plaintiffs, Dorothy McCullum and Jimmy Frazier on behalf of D.F., have filed two responses (Docs. 35 & 36).[2]

On November 23, 2011, Plaintiffs filed an amended complaint (Doc. 27) in which they assert three causes of action, (1) a violation of Title III of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12181, et seq, against OHI (Count I); (2) a violation of Title II of the ADA, 42 U.S.C. §

---

[1] Defendant, OHI d/b/a Arnold Palmer Hospital, is incorrectly identified in the Complaint as Orlando Regional Healthcare System, Inc.

[2] The factual background of this case was set forth in this Court's November 8, 2011 Order and will not be repeated here. (*See* Doc. 24)

12131, et seq, against PMC (Count II); and (3) a violation of section 504 of the Rehabilitation Acct of 1973, 29 U.S.C. § 706 against both Defendants (Count III). Both Defendants move to dismiss each Count pursuant to Fed. R. Civ. P. 12(b)(6).[3]

**I. Standard**

In ruling on a motion to dismiss, the Court must view the complaint in the light most favorable to the Plaintiff, *see*, *e.g.*, *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994), and must limit its consideration to the pleadings and any exhibits attached thereto. FED. R. CIV. P. 10(c); *see also GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993). The Court will liberally construe the complaint's allegations in the Plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411,421 (1969). However, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

In reviewing a complaint on a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "courts must be mindful that the Federal Rules require only that the complaint contain 'a short and plain statement of the claim showing that the pleader is entitled to relief.' " *U.S. v. Baxter Intern., Inc.*, 345 F.3d 866, 880 (11th Cir. 2003) (citing FED. R. CIV. P. 8(a)). This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. *Roe v. Aware Woman Ctr.for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001). However, a plaintiff's obligation to provide the grounds for his or her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell*

---

[3] Since Defendants' arguments are largely overlapping, the Court will discuss them together unless otherwise noted.

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-555 (2007). The complaint's factual allegations "must be enough to raise a right to relief above the speculative level," *Id*. at 555, and cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1950-1951 (2009).

## II. Analysis

### A. Standing

Defendants argue that Plaintiffs lack standing to assert a claim for injunctive relief. In order to establish standing, a Plaintiff must show, at a minimum, (1) injury in fact, that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) there must be a causal connection between the injury and the conduct complained of; and (3) it must be likely as opposed to merely speculative that the injury will be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992). "Because injunctions regulate future conduct, a party has standing to seek injunctive relief only if the party alleges . . . a real and immediate–as opposed to a merely conjectural or hypothetical–threat of future injury." *Wooden v. Bd. of Regents of Univ. Sys. of Georgia*, 247 F.3d 1262, 1284 (11th Cir. 2001). On a motion to dismiss a court must evaluate standing based on the facts alleged in the complaint, and may not "speculate concerning the existence of standing or 'piece together support for the plaintiff.' " *Cone Corp. v. Florida Dept. of Transp*., 921 F.2d 1190, 1210 (11th Cir. 1991) (citation omitted). Further, the party invoking federal jurisdiction bears the burden of establishing these elements. *Lujan*, 504 U.S. at 561.

*Connors v. West Orange Healthcare Dist.*, No. 6:05-cv-647-ORL-31KRS, 2005 WL 1500899 (M.D. Fla. June 23, 2005). *But see Connors v. West Orange Healthcare Dist.*, No. 6:05-cv-647-ORL-31KRS, 2005 WL 1944593 (M.D. Fla. Aug. 15, 2005).

Regarding PMC, the Amended Complaint alleges that D.F. has a serious medical condition which will require frequent hospital visits throughout his life. PMC "is the closest hospital . . . it is likely that D.F.'s parents will be bringing D.F. to [PMC] in the near future." (Doc. 27, ¶ 76). Regarding OHI, Plaintiffs claim that D.F.'s gastroenterologist maintains his office at OHI and that D.F. will visit him every six months. "He is currently schedule to return to [OHI] in January, 2012." (Doc. 27, ¶ 77).

This Court had occasion to address a similar issue in *Connors v. West Orange Healthcare Dist.*, No. 6:05-cv-647-ORL-31KRS, 2005 WL 1500899 (M.D. Fla. June 23, 2005). In *Connors*, the complaint alleged that, "Plaintiffs live in the vicinity of Defendant, and must return to the Defendant in the near future if an emergency exists. Because of their prior experience at Defendant, they are less likely to request medical care when such desperate need exists." *Id*. at * 4. The Court held that plaintiffs lacked standing because they "base their allegation on the entirely speculative potential of a future medical emergency, and have not alleged that such future medical conditions are likely to, or may possibly, arise." *Id*.

This case is materially different because D.F. has a serious medical condition that requires constant medical attention; and the likelihood that D.F. will need future medical attention is more than a mere possibility. Regarding PMC, although Plaintiffs state only that it is "likely" that D.F. will return, the seriousness of his condition combined with the location of PMC is sufficient to establish standing. *See Connors v. West Orange Healthcare Dist.*, No. 6:05-cv-647-ORL-31KRS, 2005 WL 1944593 (M.D. Fla. Aug. 15, 2005) (after the previous complaint was dismissed without prejudice, plaintiffs filed an amended complaint which sufficiently established standing). As for OHI, the allegations that D.F. must visit the hospital every six months is sufficient.

**B. Compensatory Damages**

To recover compensatory damages under the Rehabilitation Act and the ADA,[4] a plaintiff must demonstrate "intentional discrimination or bad faith." *Badillo v. Thorpe*, 158 Fed. App'x 208, 214 (11th Cir. 2005) (citing *Wood v. President & Trs. of Spring Hill Coll. in City of Mobile*, 978 F.2d 1214, 1219 (11th Cir. 1992)). In other words, "good faith attempts to pursue legitimate ends are not sufficient to support an award of compensatory damages . . . ." *Id*. The Eleventh Circuit "has not decided whether to evaluate claims of intentional discrimination under section 504 under a standard of deliberate indifference or a more stringent standard of discriminatory animus." *T.W. ex rel. Wilson v. Sch. Bd. of Seminole Cnty., Fla.*, 610 F.3d 588, 604 (11th Cir. 2010) (citing *Wood*, 978 F.2d at 1218–20). In this case the parties assume the deliberate indifference standard applies. Accordingly, this court will analyze the damages claims under that standard, which is a more lenient standard than discriminatory animus. *See Saltzman v. Bd. of Commis of the N. Broward Hosp. Dist.*, 239 Fed. App'x 484, 487 (11th Cir. 2007).

Deliberate indifference requires knowledge that a federally protected right is likely to be harmed and a failure to act upon that likelihood. *See Saltzman*, 239 Fed. App'x at 487-88 (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388-89, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989)). Negligence, even if gross, cannot constitute deliberate indifference. *Id. See also Bozeman v. Orum*, 422 F.3d 1265, 1272 (11th Cir.2005). For conduct to be deliberately indifferent, there must be both knowledge of likely harm and failure to act on the part of a policymaker, that is, someone capable of

---

[4] "Because the ADA relies on sections of the Rehabilitation Act to determine available remedies," the following rule "appl[ies] to the ADA as well as the Rehabilitation Act." *Outlaw v. City of Dothan, Ala.*, 1993 WL 735802 at *5 (M.D. Ala. Apr. 27, 1993); *see also Sutton v. Lader*, 185 F.3d 1203, 1207-08, n. 5 (11th Cir. 1999).

making an "official decision" on behalf of the organization. *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274, 290-91, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998).

This Court previously dismissed, without prejudice, Plaintiff's claim for compensatory damages against PMC because they fail to allege, "that PMC *knew* that D.F. would be harmed by the failure to provide an interpreter because it appeared as if D.F. was able to sufficiently communicate through his family." (Doc. 24 at 10). The Amended Complaint attempts to remedy this deficiency by inserting the following allegations,

> The Defendants knew that D.F. would be harmed by the failure to provide an interpreter as follows:
>
> a. Both hospitals maintained policies pursuant to Section 504 of the Rehabilitation Act requiring providing interpreters to persons who are deaf;
>
> b. Upon information and belief, both hospitals maintained policies which required the hospital to ascertain the preferred mode of communication for the patient;
>
> c. Upon information and belief, both hospitals had actual knowledge that the explicit consent of the parents and patient was needed in order for a family member to act as in [sic] interpreter;
>
> d. Upon information and belief, both hospitals had actual knowledge that patient participation in obtaining information and management of this condition was essential to its care and treatment;
>
> e. Both hospitals denied services to D.F. solely because of this hearing impairment that a similarly situated child would have received; and
>
> f. Both hospitals knew that D.F. was not able to sufficiently communicate through his family as they received little, if no, information from D.F.

(Doc. 27, ¶ 74).[5] As this Court noted in *Nash v. Medina*, such claims are rarely resolved on a motion to dismiss. No. 6:09-cv-382-ORL-28GJK, 2009 WL 1513525 at *1 (M.D. Fla. May 27, 2005). Where, as here, a plaintiff alleges that a defendant *knew* that a federally protected right was likely to be violated, a claim for discriminatory treatment must survive.[6]

**C. Motion to Strike**

OHI moves to strike certain portions of the Amended Complaint pursuant to Rule 12(f). In its November 8, 2011 Order, the Court dismissed the claims of the "associational plaintiffs."(*See* Doc. 24 at 9). The Amended Complaint, however, retains several allegations related to their "pain and suffering." Specifically, paragraph 62 states that "D.F. *and his family* continue to suffer from their experiences . . ."; paragraph 63 states, "[D.F.'s] parents have experienced significant emotional distress . . ."; and paragraph 73 states, "[Defendants caused] the Plaintiffs to suffer and continue to suffer mental and physical pain and anguish." (Doc. 27). OHI argues that these paragraphs should be stricken because "a jury may review the allegations and mistakenly believe that such claims are compensable." (Doc. 31 at 8).

Rule 12(f) states that a court "may strike from a pleading . . . any redundant, immaterial, or scandalous matter." FED. R. CIV. P. 12(f). A motion to strike is a "drastic remedy to be resorted to only when required for the purposes of justice" and should only be granted where "the pleading to be stricken has no possible relation to the controversy." *Augustus v. Bd. of Public Instruction of*

---

[5] Additionally, Plaintiffs point out that OHI "holds itself out specifically to provide services for the emotional well being of a pediatric patient." (Doc. 27, ¶ 75).

[6] The Court will also deny OHI's motion to dismiss allegations related to the December 2009 visit.

*Escambia Cnty. Fla.*, 306 F.2d 862, 868 (5th Cir. 1962) (quoting *Brown & Williamson Tobacco Corp. V. United States*, 201 F.2d 819, 822 (6th Cir. 1953)). Courts have generally been unwilling to grant such motions unless there is a showing of prejudicial harm. *Tracfone Wireless, Inc. v. Access Telecom, Inc.*, 642 F. Supp. 2d 1354, 1360-61 (S.D. Fla. 2009). This Court has said that "[m]otions to strike will usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." *Seibel v. Society Lease, Inc.*, 969 F. Supp. 713, 715 (M.D. Fla. 1997).

Given the Court's previous dismissal of the claims of the associational plaintiffs, allegations relating to the mental and physical trauma of the T.F., Dorothy McCullum, and Jimmy Frazier, in their individual capacities, is irrelevant and prejudicial to OHI. Accordingly, references to said individuals in paragraphs 62, 63, and 73 will be stricken.

In light of the foregoing, it is **ORDERED** that,

1. Defendant, North Brevard County Hospital District, d/b/a Parish Medical Center's Motion (Doc. 30) is **DENIED**;

2. Defendant, Orlando Health, Inc., d/b/a Arnold Palmer Hospital's Motion (Doc. 31) is **GRANTED** to the extent it moves to strike portions of the amended complaint, but **DENIED** in all other respects;

3. Allegations in paragraphs 62, 63, and 73 of the Amended Complaint (Doc. 27) relating to T.F., Dorothy McCullum, and Jimmy Frazier, in their individual capacities, is hereby **STRICKEN**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 24, 2012.

Copies furnished to:

Counsel of Record
Unrepresented Party

_____
**GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE**