**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**DOROTHY MCCULLUM and JIMMY FRAZIER,**

        **Plaintiffs,**

**v.**                                                 **Case No: 6:11-cv-1387-Orl-31GJK**

**ORLANDO REGIONAL HEALTHCARE SYSTEM, INC. and NORTH BREVARD COUNTY HOSPITAL DISTRICT,**

        **Defendants.**

## ORDER

This cause comes before the Court on a motion for summary judgment (Doc. 74) filed by Plaintiffs Dorothy McCullum and Jimmy Frazier, two responses (Docs. 85 & 86) filed by Defendants Orlando Regional Healthcare System, Inc. ("OHI") and North Brevard County Hospital District d/b/a Parish Medical Center ("PMC"), and two replies (Docs. 87 & 88). For the reasons discussed below, the Court will construe this motion as one for preliminary injunction, and deny it.[1]

Plaintiffs move for summary judgment solely on "equitable and injunctive relief to the future in order to change the policies and practices of Defendants . . . ." (Doc. 74 at 23). As this Court and others have noted, "a permanent injunction is a form of relief that the Court may award to a party who has successfully proved the elements of a cause of action recognized under the law," *Fun Spot of Florida, Inc. v. Magical Midway of Cent. Florida, Ltd.*, 242 F. Supp. 2d

---

[1] The factual background of this case was set forth in a prior Order (Doc. 37) and need not be repeated here.

1183, 1204 (M.D. Fla. 2002), it is not a distinct cause of action. *Alabama v. U.S. Army Corps of Engineers*, 424 F.3d 1117, 1127 (11th Cir. 2005); *Klay v. United Healthgroup, Inc.* 376 F.3d 1092, 1097 (11th Cir.2004); *Sylvester v. GE Capital Retail Bank*, 6:12-CV-341-ORL-31, 2012 WL 3522691 at *4 (M.D. Fla. Aug. 14, 2012). Plaintiffs' only claims here are for violations of the Americans with Disabilities Act and the Rehabilitation Act.

For permanent injunctive relief to be available, Plaintiffs must first succeed on the merits of their claims—which they admit are disputed. *See, e.g.,* Doc. 88 at 3. Plaintiffs' position appears to be that both Defendants have a policy of "not providing a qualified interpreter for deaf children," but other than referencing the facts of this case, they provide no evidence of such a blanket policy. Further, the statute requires only that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C § 12132. Applicable regulations require that an entity provide "effective communication," and that auxiliary aids and services shall be provided "when necessary," depending largely on the circumstances involved. 28 C.F.R. § 35.160. While it is undisputed that no interpreter was provided by either Defendant to assist D.F. in this case,[2] is unclear whether Plaintiffs actually requested an interpreter, whether an interpreter would have provided the best means of communication, and whether effective communication was possible without an interpreter. Moreover, there is no evidence to suggest that Defendants would fail to provide an interpreter in the future if specifically requested. Thus, assuming that Plaintiffs' Motion is procedurally proper, it fails on the merits because there are disputed issues of material fact.

---

[2] On one occasion, OHI provided a nurse who knew some sign language to assist D.F.

The only form of relief Plaintiffs could conceivably obtain at this stage in the case is a preliminary injunction, but there appears to be no basis for such a motion. Fed. R. Civ. P. 65(a); Local Rule 4.06. For a preliminary injunction to be issued, a plaintiff must demonstrate, *inter alia*, the threat of immediate, irreparable injury, and a likelihood of success on the merits. Local Rule 4.06. There is no evidence that D.F. will be attending either OHI or PMC in the immediate future—given that his condition has apparently stabilized since events at issue in this case. Even if a hospital visit was required, and D.F. went to either OHI or PMC, it is unlikely that Plaintiffs could demonstrate that an "immediate, irreparable injury" would occur. If such an emergency arises, Plaintiffs are free to move for a preliminary injunction, but there is no evidence currently before the Court to justify such relief.

It is therefore,

**ORDERED** that Plaintiffs' Motion for summary judgment (Doc. 74), construed as a motion for preliminary injunction, is **DENIED without prejudice**.

**DONE** and **ORDERED** in Orlando, Florida on January 30, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties